NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KARINA GODOY-JIMENEZ, | No. 24-6922 |
| Petitioner, | Agency No. A092-829-489 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2026**
Pasadena, California

Before: WARDLAW and DE ALBA, Circuit Judges, and BROWN, District Judge.***

Karina Godoy-Jimenez, a native and citizen of Mexico, seeks review of a

Board of Immigration Appeals ("BIA") decision denying her motion to reopen

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

removal proceedings to pursue asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based on changed country conditions in Mexico. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). To the extent we have jurisdiction, we have it pursuant to 8 U.S.C. § 1252. We lack jurisdiction to review the BIA's discretionary decision not to reopen *sua sponte* unless Petitioner raises a legal or constitutional challenge. *Magana-Magana v. Bondi*, 129 F.4th 557, 575 n.11 (9th Cir. 2025). We thus deny the petition in part and dismiss in part.

1.     The BIA did not abuse its discretion in denying the motion to reopen. Godoy-Jimenez failed to make a prima facie showing of eligibility for relief because there is no nexus between her claimed fear of future harm and a protected ground.[1] *See Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023) (noting that to succeed on a motion to reopen the petitioner must establish "a reasonable likelihood that [she] would prevail on the merits if the motion to reopen were granted"); *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) (recognizing that a "lack of a nexus to a protected ground is dispositive of [a

---

[1]     To the extent Godoy-Jimenez alleges that she suffered past persecution, this claim is unexhausted. Godoy-Jimenez has never claimed that she was threatened or persecuted in Mexico, and her motion to reopen was based on her fear of future harm following the murder of her cousin. Thus, we are precluded from reviewing this claim. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

petitioner's] asylum and withholding of removal claims").  Although Godoy-Jimenez's claimed particular social group ("PSG")—*i.e.*, her family—may constitute a cognizable PSG, she failed to present any evidence relating to her cousin's murder, any motive behind the murder, or any showing that the cartels are targeting her family.  While she mentioned that her family has faced threats, she failed to explain what those threats are or how she may face the same harm if she is removed to Mexico.  *See Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) ("[A]n applicant must show that [s]he was individually targeted on account of a protected ground rather than simply the victim of generalized violence.").

Godoy-Jimenez's fear that "the violence continues to grow" in Mexico is insufficient to establish a prima facie showing of nexus.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (noting that relief "is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground").

Even if Godoy-Jimenez had established that she meets all the applicable requirements, she failed to establish that she "merits a favorable exercise of discretion."  8 U.S.C. § 1229a(c)(4)(A); 8 C.F.R. § 1240.8(d).  Godoy-Jimenez's opening brief fails to address the BIA's finding that she had failed to show "her eligibility for relief in light of her conviction for possession of methamphetamine in violation of California Health and Safety Code § 11377(a)."  Thus, she waived

any challenge to this issue. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

2. The BIA did not abuse its discretion in finding that Godoy-Jimenez failed to show prima facie eligibility for CAT protection. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) ("To establish entitlement to protection under CAT, an applicant must show 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" (quoting 8 C.F.R. § 1208.16(c)(2))). There is nothing in the record that shows that cartel members targeted her cousin as a means of inflicting suffering on Godoy-Jimenez or that she will be specifically targeted if removed to Mexico. Also, the general country conditions report is not specific to Godoy-Jimenez or her family.

3. We lack jurisdiction to review the BIA's *sua sponte* denial of the motion to reopen. *See Lara-Garcia*, 49 F.4th 1271, 1277 (9th Cir. 2022) (explaining that we can only review such decisions if the BIA relied on "a legally erroneous premise"); *Magana-Magana v. Bondi*, 129 F.4th 557, 575 (9th Cir. 2025) ("[T]he BIA's decision of whether or not to reopen a removal proceeding *sua sponte* is a purely discretionary decision."). Here, Godoy-Jimenez raises no legal or constitutional challenge, merely stating that "if the motion is not granted, an egregious outcome will result." Thus, we lack jurisdiction to review the BIA's decision not to reopen based on its *sua sponte* authority.

**DENIED IN PART AND DISMISSED IN PART.** [2]

---

[2]      Godoy-Jimenez's Motion to Stay Removal, Dkt. No. 5, is DENIED effective upon issuance of the mandate from this court.